to Court of Appeals granted, and questions for review certified.

QUEALY, Respondent, v. DUNNE McCORD CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 7, 1915.) Action by John J. Quealy against the Dunne McCord Company. No opinion. Judgment and order affirmed, with costs.

QUIRK v. KENNY. (Supreme Court, Appellate Division, Third Department. July 1, 1915.) Action by James J. Quirk against Isabella M. Kenny, and John B. King, defendant. No opinion. Judgment and order reversed on law and facts, the court holding as a fact that the verdict is against the weight of evidence upon the question of the defendant's negligence; and new trial granted, with costs to appellant to abide event.

RAAP, Respondent, v. FIRST METHODIST EPISCOPAL CHURCH IN FLUSHING, Appellant. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by Matilda Raap against the First Methodist Episcopal Church in Flushing. No opinion. Judgment affirmed, with costs.

RADOMSKI v. CONSOLIDATED GAS CO. OF NEW YORK. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Alexander Radomski against the Consolidated Gas Company of New York. No opinion. Application denied, with $10 costs. Order signed. See, also, 90 Misc. Rep. 375, 152 N. Y. Supp. 1050.

RAGUE, Appellant, v. NEW YORK EVENING JOURNAL PUB. CO., Respondent. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by William J. Rague against the New York Evening Journal Publishing Company. No opinion. Order unanimously affirmed, with costs.

RANDALL v. RANDALL. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Appeal from Special Term, Suffolk County. Action by Henry M. Randall against Charles P. Randall. From judgment for plaintiff, defendant appeals. Modified and affirmed. See, also, 163 App. Div. 969, 148 N. Y. Supp. 1140. Thomas J. Ritch, Jr., of New York City, for appellant. Robert P. Griffing, of Riverhead, for respondent.

PER CURIAM. It is decided that the findings should be modified as follows: First. The item, J. J. Harris note, $60, was erroneously credited to the plaintiff. It presumably entered into the settlement for which the note was given on February 1, 1888. Second. The item, January 18, 1897, check borrowed, $100, was erroneously credited to the plaintiff. Third. The item, April 13, 1897, check No. 2368, $200, was erroneously credited to the plaintiff. Fourth. The item, April 21, 1890, $600, was erroneously credited to the plaintiff, as the defendant testified without contradiction that he contributed the amount, which was equal to an amount contributed by the plaintiff. Fifth. The following items were erroneously debited against the defendant without corresponding credit: October 1, 1884, $10; October 1, 1884, $32.45; October 1, 1884, $6.80; December 12, 1884, $8.50; January 6, 1887, $56.10; February 15, 1887, $10.62; February 15, 1887, $57.-38; June 2, 1888, $64.31; September 10, 1888, $59.50; September 21, 1888, $15.63. Sixth. The defendant was improperly debited with firm check No. 1802, dated March 25, 1897, to Mrs. C. P. Randall, for cash, $100. The firm owed Mrs. Randall two items, $80 and $20, for which the defendant gave her a check for $100, which she returned to him, whereupon he credited it on his personal account; but he testifies that Mrs. Randall was charged with $100 on the firm books. It was therefore a matter between the defendant and Mrs. Randall whereby he came into ownership of the check. The findings should be modified by making corrections in accordance with this memorandum, and the judgment modified accordingly, and as so modified affirmed, without costs. Settle order before Mr. Justice Thomas.

REDDICK, Respondent, v. NEW JERSEY & N. Y. R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by Lizzie Reddick against the New Jersey & New York Railroad Company. PER CURIAM. Motions denied, without costs. See, also, 153 N. Y. Supp. 1139.

MILLS, J., takes no part.

In re RED HOOK LIGHT & POWER CO. (Supreme Court, Appellate Division, Third Department. July 1, 1915.) In the matter of the application of the Red Hook Light & Power Company to acquire lands, etc., in Clermont, Columbia county, etc. No opinion. Final order unanimously affirmed, with costs.

REED, Appellant, v. BELNORD REALTY CO., Respondent. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Charles S. Reed against the Belnord Realty Company. J. A. O'Leary, of New York City, for appellant. E. C. Sherwood, of New York City, for respondent.

PER CURIAM. Order affirmed, with costs. Order filed.

HOTCHKISS, J., dissents.

In re REICH'S ESTATE. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) In the matter of the estate of Anna Reich, deceased. Anthony Darmstadt, appellant; Edwin R. Jaxheimer, as executor, etc., respondent. No opinion. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs, on authority of Murray v. Waring Hat Mfg. Co., 142 App. Div. 514, 127 N. Y. Supp. 78, and Matter of Summerville, 145 App. Div. 931, 129 N. Y. Supp. 1148.

REILLY, Respondent, v. COGGINS, Appellant, et al. (Supreme Court, Appellate Divi-

sion; Second Department. July 30. 1915.) Action by John Reilly, as administrator, etc., against Ellen Coggins, impleaded with the Brooklyn Savings Bank. No opinion. Judgment and order affirmed, with costs.

**REILLY, Respondent, v. COGGINS, Appellant,** et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by John Reilly, as administrator, etc., against Ellen Coggins, impleaded with the Emigrant Industrial Savings Bank. No opinion. Judgment and order affirmed, with costs.

**RENAUT v. CITY OF NEW YORK** et al. (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Amanda Renaut against the City of New York, impleaded with others. No opinion. Motion granted. Order filed. See, also, 152 N. Y. Supp. 1139.

**RESIDENCE CO. OF LAWRENCE PARK v. KOSTER.** (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by the Residence Company of Lawrence Park against Harry M. Koster. No opinion. Application denied, with $10 costs. Order signed.

**RICHARDS v. WELLS FARGO EXPRESS CO.** (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Artie F. Richards against the Wells Fargo Express Company. No opinion. Application granted. Settle order on notice. See, also, 156 App. Div. 268, 141 N. Y. Supp. 306.

**RICHTER v. LINDEMANN.** (Supreme Court, Appellate Division, First Department. July 9, 1915.) Action by Helena M. Richter against Katherine F. Lindemann, individually, etc. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed. See, also, 166 App. Div. 33, 152 N. Y. Supp. 784.

**RITNER, Respondent, v. HOLBROOK, CABOT & ROLLINS CORPORATION, Appellant.** (Supreme Court, Appellant Division, Second Department. July 30, 1915.) Action by William A. Ritner against the Holbrook, Cabot & Rollins Corporation.

PER CURIAM. Judgment reversed, and new trial granted, costs to abide the final award of costs, upon the ground that the evidence does not show that the release was procured by fraudulent representations. We do not consider on the present pleadings whether the minds of the parties met in agreement upon the release.

**RIVERDALE REALTY CO. v. CITY OF NEW YORK** et al. (Supreme Court, Appellate Division, First Department. June 25, 1915.) Action by the Riverdale Realty Company against the City of New York and others. No opinion. Motion denied, with $10 costs. Order filed. See, also, 153 N. Y. Supp. 742.

**RIVER VIEW MANOR ASS'N v. BRUCKNER** et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by the River View Manor Association against Arthur Bruckner and others.

PER CURIAM. The parties hereto having stipulated in open court that this case may be disposed of by a court of four, the decision is as follows: The parties having agreed that the determination be made without costs, judgment is directed for the defendants upon the written submission, without costs, dismissing plaintiff's complaint upon the merits. A court of equity will not enforce a covenant such as that which forms the basis of this controversy at the suit of one who is not a covenantee, and to whom the covenantee was under no obligation at the time of the making of the covenant. The court will not grant affirmative relief to the defendants for the reason, among others, that the covenantee is not before the court.

**ROBERTS, Appellant, v. SCHIFFERDECKER, Respondent.** (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by William H. Roberts against Jacob Schifferdecker, as president, etc.

PER CURIAM. Judgment reversed, with costs, and decision and judgment in favor of plaintiff rendered, with the additional finding of fact that the committee, on February 10, 1912, immediately after its organization, without giving any notice to plaintiff and without his attendance or presence, went to Somers Hall and investigated the charge. The ground of our determination is that we conclude that the attempted expulsion of the plaintiff was invalid for the reason that it was incompetent for the grievance committee to investigate at all until after it had given the plaintiff notice and opportunity to attend before it. Our such determination, however, is without prejudice to the right of the Local to properly try the plaintiff upon the charges preferred against him.

**ROCHESTER & PITTSBURGH COAL CO., Respondent, v. CORRIGAN** et al., **Appellants.** (Supreme Court, Appellate Division, Fourth Department. May 19, 1915.) Action by the Rochester & Pittsburgh Coal Company against James W. Corrigan and others. No opinion. Judgment and order affirmed, with costs.

**RODGERS, Respondent, v. McLOUGHLIN** et al., **Appellants.** (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by E. Bromley Rodgers against James G. McLoughlin and another. No opinion. Order in so far as appealed from affirmed, with $10 costs and disbursements. See, also, 154 N. Y. Supp. 1142.

**RODGERS v. McLOUGHLIN** et al. (Supreme Court, Appellate Division, Second Department. July 30, 1915.) Action by E. Bromley Rodgers against James G. McLoughlin and another. No opinion. Order modified by requiring the plaintiff to give particulars required by subdivisions 3 and 11 of the demand, and by denying motion for particulars required by subdivisions 6 and 7 of the demand; and as so modified affirmed, without costs. See, also, 151 N. Y. Supp. 999; 154 N. Y. Supp. 1142.